**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MIKE HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-01174-AWA |
| ) | |
| TRAVIS COUNTY EMERGENCY ) | JURY TRIAL DEMANDED |
| SERVICES DISTRICT 5, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL RESPONSES TO HIS SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the plaintiff, Mike Harper, through counsel, and submits his Motion Compel Responses to his Second Request for Production of Documents. For the reasons set forth below, plaintiff respectfully requests that the Court grant this Motion and compel the Defendants to respond to his document request.

**I.      BACKGROUND**

On July 13, 2018, plaintiff sent defendants his Second Request for Production of Documents by e-mail and first-class mail. Ex. A, Plaintiff's Second Request for Production of Documents; Ex. B, E-mail to Mark Anthony Sanchez on July 13, 2018. The request contained four document requests. *Id*. Defendants responded to the document requests on August 13, 2018, and made the following objections:

> **REQUEST NO. 29:** Documents relating to disciplinary actions taken against Travis County Emergency Services District 5 Employees.
>
> **RESPONSE:** Objection. Defendant objects to this discovery request, as it is overbroad and seeks discovery of matters, things, or information which are not relevant or material to the subject matter in the pending action, nor are they reasonably calculated to lead to the discovery of admissible evidence.

1

>**REQUEST NO. 30**: Documents referring or relating to complaints received by Travis County Emergency Services District 5 or its supervisory officials about any Travis County Emergency Services District 5 employee.
>
>**RESPONSE:** Objection. Defendant objects to this discovery request, as it is overbroad and seeks discovery of matters, things, or information which are not relevant or material to the subject matter in the pending action, nor are they reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request because personnel files of Travis County Emergency Services District 5 employees are privileged pursuant to the Federal Privacy Act and the Privacy Protection Act. The privacy of the employees would be destroyed if employees who are not defendants are forced to surrender their personnel files. Defendant further objects because the requested files are protected pursuant to the law enforcement privilege. The Defendant further objects to the request because governmental entities are exempt from producing information and documents collected by law enforcement organizations.

Ex. C, Defendants' Objections and Responses to Plaintiff's Second Request for Production. Thereafter, on September 14, 2018, plaintiff's counsel sent Mark Anthony Sanchez, counsel for defendants, a letter requesting specific information regarding the objections and privileges asserted in Defendants' response. Ex. D, Letter to Mark Anthony Sanchez sent on September 14, 2018. The letter requested that defendants "promptly supplement your responses to plaintiff's second request for the production of documents and articulate with specificity the basis of your objections and the applicability of the claimed privileges, or alternatively, produce the requested documents on or before September 21, 2018."

By September 27, 2018, plaintiff had not received a response so a follow up email was sent to defense counsel requesting defendants' position on the issues raised in the September 14, 2018 letter. *See* Ex. E, Email to Mark Anthony Sanchez on September 27, 2018. On October 3, 2018, defense counsel responded to the email and stated that his client was "driving the objection … because of his concerns about the scope and relevance of the request." Ex. F, Email from Mark Anthony Sanchez on October 3, 2018. Thereafter, counsel agreed to discuss the discovery dispute on the phone.

On October 4, 2018, counsel for the parties spoke by phone. During this phone conversation, plaintiff's counsel offered to enter a protective order to address defendants' privacy concerns. However, defense counsel did not agree or propose any methods of responding to the request for production that would be acceptable to his client. Further, defense counsel represented that the requests were irrelevant because plaintiff was only terminated for the delayed response incident which took place on July 4, 2017.

After this conversation, plaintiff's counsel offered to amend the discovery requests if defense counsel confirmed that his clients' defense is limited to asserting that plaintiff was properly terminated due to the July 4, 2017, delayed response incident, and that defendants did not intend to raise any defenses (including limitations on damages) based on the following: (1) theory of progressive discipline; (2) complaints received by defendants regarding plaintiff's "treatment of non-union personnel leading to a 'division' within the personnel and department"; (3) complaints regarding "comments about non-union personnel…being heard outside our agency"; (4) plaintiff raising the topic of salary increases with the ESD Board; (5) plaintiff's use of "time, email and use of ESD5 equipment to conduct Local Union business"; and (6) any complaints regarding inappropriate comments made by plaintiff to co-workers. Ex. G, Email to Mark Anthony Sanchez on October 5, 2018.

Again, several days passed and defense counsel failed to confirm his client's position regarding defendants' defenses to Harper's claims. On October 10, 2018, plaintiff's counsel emailed Mr. Sanchez and requested confirmation that his clients' defense is limited to asserting that plaintiff was properly terminated due to the July 4 delayed response. Ex. H, Email to Mark Anthony Sanchez on October 10, 2018. Thereafter, defense counsel represented that he was "awaiting a return call from Chief Barron, who has been out of town at a training seminar. I hope

to speak to him today and then I can provide a substantive response." *See* Ex. I, Email from Mark Anthony Sanchez on October 10, 2018. Again, defense counsel failed to provide plaintiff with a substantive response, and on October 15, 2018, plaintiff's counsel sent a follow-up email requesting the defendants' position on the matter. Ex. J, Email to Mark Anthony Sanchez on October 15, 2018.

On October 15, 2018, defense counsel responded to plaintiff's inquiries, and stated that he spoke with his client who "asked that I stand on the objections he wanted asserted." Ex. K, Email from Mark Anthony Sanchez on October 15, 2018. Further, defense counsel no longer represented that his client's position is that plaintiff was terminated for the July 4 delayed incident but that [Chief Barron] "terminated Mr. Harper for the reasons outlined in the Notice of Unacceptable Performance for termination and in the letter of termination dated July 21, 2017." *Id*.

## II. ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 37 allows "a party to move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). Such a motion may only be made after the movant has conferred with the person or party failing to make the disclosure or discovery. *Id*. Further, a Motion to Compel may be made if "a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(iv).

Here, numerous efforts were made to confer with defense counsel to resolve this discovery dispute prior to seeking the Court's intervention. These efforts include:

- Sending defendants a request for specific information regarding the objections and privileges asserted in their response to plaintiff's document request, *See* Ex. D;
- Numerous emails to defense counsel seeking a response and clarification on the defendants' position, *See* Ex. E-J; and

4

- A phone call with defense counsel to discuss the matter on October 4, 2018, and conveying that plaintiff is open to entering into a protective order to address privacy concerns *and* offering to amend the document requests based on representations relating to the defendants' defenses, *See* Ex. G.

However, despite these efforts, plaintiff has been unable to obtain the defendants' cooperation to resolve this dispute. Further, as noted above, defendants have made no offers or suggestions about any methods by which responding to the request for production would be acceptable to them, and have provided minimal information explaining why they believe the requests are improper. As a result, plaintiff seeks the Court's assistance in compelling defendants to respond to plaintiff's second request for production of documents.

### a. The Plaintiff's Document Requests are Relevant and Within the Scope of Discovery

"The role of discovery … is to find support for properly pleaded claims…" *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009). The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b). Rule 26(b) further states that information within the scope of discovery need not be admissible in evidence to be discoverable. *Id*. Relevancy is broadly constructed— "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to a claim or defense of any party." *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (internal quotations omitted). Courts have held that the scope of discovery is not only limited to facts, but may extend to other matters that are relevant to a party's claims or defenses. *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). This includes information relevant to a party's credibility. *Id*. Federal Rule of Civil Procedure 34 permits a party to serve on any other party a request within the scope of Rule 26(b) to produce "any designated documents or electronically stored information" in the responding party's possession,

custody, or control. Fed. R. Civ. P. 34(a)(1). In the Fifth Circuit, a party resisting discovery must show specifically how each production request is overly broad, irrelevant, burdensome, or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

In the instant case plaintiff claims that he was terminated from his employment with Travis County Emergency Services District 5 ("TCESD 5") due to his union activity, in violation of his First and Fourteenth Amendment rights, and in violation of the Texas Labor Code. *See* DE 1, Complaint. Defendants' position, articulated recently by defense counsel on October 15, 2018, is that plaintiff was terminated for "the reasons outlined in the Notice of Unacceptable Performance for termination and in the letter of termination dated July 21, 2017." *See* Ex. K. Therefore, TCESD 5's treatment of other employees accused of misconduct is relevant to plaintiff's claims that his termination was predicated on his union activity.

Further, during the Rule 30(b)(6) deposition of Fire Chief Chris Barron he gave extensive testimony and made representations regarding how many TCEMS 5 employees have been terminated in the last five years, how many employees have been demoted in the last five years, and how many employees have been suspended without pay which shows that plaintiff was treated more harshly than other employees. Ex. L, Chris Barron Deposition Transcript Excerpt. Given this, the information requested in plaintiff's second request for production of documents is not only relevant to plaintiff's claims but also relevant to ascertain the credibility of Chief Barron and the testimony he provided in this case about employee discipline.

Lastly, given the broad relevancy standard, defendants have failed to articulate with any specificity why the plaintiff's request for documents are not relevant. Therefore, they have failed

to meet their burden of properly objecting to the requests and should be compelled to answer them.

### b. The Fifth Circuit Permits Discovery of Employee Records

The Fifth Circuit has addressed the issue of producing personnel files in *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). "The plaintiffs in *Coughlin* were former deputy sheriffs who claimed they were wrongfully discharged. The deputies argued that the cited reason for their discharge was pretextual, and sought discovery of personnel files within the department in an effort to show that other employees who had committed similar infractions had not been dismissed. The Fifth Circuit found that the district court had failed to weigh the competing privacy and discovery interests at issue, and then ordered the district court on remand to consider ten factors outlined in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)."[1] *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 312 F.R.D. 32, 36 (E.D. La. 2016) (internal citations omitted).

In the instant situation, the plaintiffs ***do not*** seek personnel files, but rather only documents relating to disciplinary actions taken against employees, and documents referring or relating to complaints received by TCESD 5 about any employee. These documents are critical

---

[1] According to the Fifth Circuit, "[t]he oft-cited *Frankenhauser* test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case." *In re United States Dep't of Homeland Sec.*, 459 F.3d 565, 570 (5th Cir. 2006).

to plaintiff's ability to establish his case, that he was terminated by his employer due to his union activity. Additionally, these documents are also relevant to defendant's stated defense – that Harper was discharged for the reasons listed on the notice of unacceptable performance and his letter of termination – because they can establish whether other employees were treated similarly to Harper.

The plaintiff's request is far more limited than seeking all personnel records, and targeted to discovering information relevant to plaintiff's claims, the defendants' defenses, and Barron's credibility. Therefore, the same privacy concerns are not implicated as in situations where an employees' entire personnel file is requested. Based on Chief Barron's deposition testimony, responding to plaintiff's document request will only involve disciplinary records for a few employees. *See* Ex. L. Further, plaintiff's counsel is willing to enter into a protective order to address any privacy concerns that may exist.

   c. **Defendants' Assertion of Privilege Fails**

In response to Document Request No. 30, defendants assert that the requested information is privileged pursuant to the Federal Privacy Act, Privacy Protection Act, and law enforcement privilege. However, defendants fail to articulate ***how or why*** any of these privileges are applicable.

For instance, defendants fail to establish that the Privacy Act of 1974 would be applicable to an Emergency Services District, which is not a federal executive branch agency. *See* 5 U.S.C. § 552a (limiting disclosure of federal agency employee records). Similarly, the Privacy Protection Act of 1980 relates to searches and seizures by government officers and employees in connection with the investigation and prosecution of criminal offenses. *See* 42 U.S.C. § 2000aa, *et seq*. Other than naming these two statutes, defendants fail to articulate how or why they apply

to the instant situation – defendants do not even cite to the statute in their response, so it is unclear if they are referring to these statutes or something else.

Similarly, defendants assert "law enforcement privilege" without explaining how such a privilege is applicable to the plaintiff's document request. Although the Fifth Circuit recognizes the law enforcement privilege, it is limited to "'[f]ederal common law recognizes a qualified privilege protecting investigative files in an *ongoing criminal investigation*.'" *In re United States Dep't of Homeland Sec.*, 459 F.3d at 569 (emphasis added). The Court in *In re United States Dep't of Homeland Sec.* instructed the district court to review documents at issue *in camera* to determine if the privilege applied, and to consider the *Frankenhauser* factors. *Id* at 570. Here, defendants have not articulated how the requested documents involve investigative files in an ongoing criminal investigation. Further, if the defendants' argument is that some of the requested documents fall within law enforcement privilege, that cannot be the grounds for withholding *all* responsive documents related to disciplinary actions and complaints against TCESD 5 employees. However, plaintiff simply does not know because defendants' objections are vague and lack specificity.

### d. Plaintiff is Entitled to Fees

Rule 37 states that if the Motion to compel is granted, the Court *must*, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A). The court may not award fees if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ.

P. 37(5)(A)(i)-(iii). "A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, and/or against the attorney who advised such conduct…" *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

Here, plaintiff's counsel attempted to work with defense counsel over an extended period of time to receive supplemental responses to the second request for production of documents. However, after repeated attempts, defense counsel failed to articulate the specific basis for his objections and claims of privilege. Further, defense counsel cited his client's privacy concerns as a reason for objecting, but failed to offer any ideas addressing these concerns, and further failed to pursue a protective order as proposed by plaintiff's counsel. In sum, the defendant's unwillingness to find a solution to this discovery dispute is the sole reason that plaintiff is filing the instant Motion.

As highlighted above, the objections raised by the defendants are without merit and are not "substantially justified." Therefore, plaintiff's counsel respectfully requests that the Court award them $7,211 in fees, for researching, drafting, and filing the instant Motion. *See* Ex. M, Fee Statement for Woodley & McGillivary, LLP.

### III. CONCLUSION

For the reasons stated above, plaintiff Harper respectfully requests that the Court grant his Motion to Compel, require the defendants to respond to his request for production of documents, and award reasonable attorneys' fees.

Dated: October 26, 20188      Respectfully Submitted,

              _/s/ Megan K. Mechak_
              Thomas A. Woodley
              Megan K. Mechak
              Afroz Baig
              WOODLEY & McGILLIVARY LLP
              1101 Vermont Ave., N.W.
              Suite 1000
              Washington, DC 20005
              Tel: (202) 833-8855
              Fax: (202) 452-1090
              E-mail: taw@wmlaborlaw.com
              E-mail: mkm@wmlaborlaw.com
              E-mail: ab@wmlaborlaw.com

              B. Craig Deats (Texas State Bar No. 05703700)
              Matt Bachop (Texas State Bar No. 24055127)
              DEATS, DURST & OWEN, P.L.L.C.
              707 W. 34th Street
              Austin, Texas 78705
              Tel: (512) 474-6400
              Fax: (512) 474-7896
              E-mail: cdeats@ddollaw.com
              E-mail: mbachop@ddollaw.com

              *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MIKE HARPER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TRAVIS COUNTY EMERGENCY  )<br>SERVICES DISTRICT 5, *et al.*  )<br>)<br>Defendants.  )  | Civil Action No. 1:17-cv-01174-AWA |

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Mark Anthony Sánchez, Esq.
    Sánchez & Wilson, P.L.L.C.
    6243 IH-10 West, Suite 1025
    San Antonio, Texas 78201
    mas@sanchezwilson.com
    *Attorney for Defendants*

    */s/ Megan K. Mechak*
    Megan K. Mechak
    *Attorney for Plaintiff*